J'min Atiba Ward             8-19-2017

Docket # 17-CV-5248

RECEIVED
SDNY DOCKET UNIT
2017 AUG 29 AM 10:33

Enclosed is documentation involving my claim of my family's rights being violated, i.e.: 4th Amendment, 5th Amendment, 14th Amendment and New York Const. Art 1 §12

1) The false document I was made to sign during my arrest that stated why my wife's truck was being seized. Document provided by Officer Harget #1237

2) Points from my suppression Motion that I put together involving the illegal search and seizure pursuant to the law.

            Very truly yours

            [signature]

P.S. am sending D.A's response, Police Report, and Grand Jury minutes next week. All documents substantiate my claim

✱ Original ( Docket # 17-CV-5248 (CM) )



**ORANGE COUNTY DISTRICT ATTORNEY**
40 MATTHEWS STREET, GOSHEN, NEW YORK 10924
TEL: 845-291-2050 • FAX: 845-291-2085

*To be completed by police:*

Date: 4/20/2017

Title Holder: Ward, Jessica M.
Address: 41 Woodlake Drive
Middletown, NY 10940

Make/Model: 2011 Ford Explorer
VIN#: 1FMHK8F83BGA74804

Registered To: Ward, Jessica M.
Address: 41 Woodlake Drive
Middletown, NY 10940

Operator: Ward, Jmin
Address: 41 Woodlake Drive
Middletown, NY 10940

Lienholder:
Address:

Arresting Agency: City of Middletown
Blotter/Case#: 17-13049 / 17-2073

## YOUR VEHICLE HAS BEEN SEIZED BY THE POLICE AND IS SUBJECT TO FORFEITURE PURSUANT TO CPLR ARTICLE 13-A

Officers have seized the above motor vehicle operated by a person arrested for: a violation of NYS VTL §§ 1192.2, 1192.2-a, 1192.3, 1192.4, or 1192.4-a, when the person has a prior conviction within the past 10 years for VTL §§ 1192.2, 1192.2-a, 1192.3, 1192.4 or 1192.4-a; a violation of NYS Penal Law §§ 120.03, 120.04, 120.04-a, 125.12, 125.13, or 125.14; or another felony level offense under the Penal Law where the vehicle was used as the (instrumentality of the crime.) ??

The police cannot give you legal advice. The law permits the seizure of vehicles that are owner-operated, non-owner operated, owned by a company, or leased, or that have liens on them.

You have a right to a promptly scheduled hearing before a Superior Court Judge, to determine whether the above motor vehicle should be retained in official custody, where the District Attorney as Claiming Authority must prove that probable cause existed for the defendant's warrantless arrest; that there is a substantial probability that the Claiming Authority will prevail on the issue of forfeiture; that failure to order retention of the vehicle may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and that the need to preserve the availability of the property through retention of the vehicle outweighs the hardship on any person against whom retention may operate.

**Your hearing is scheduled for 05/01/2017, at 9:00 am, at the Orange County Courthouse, 285 Main Street, Third Floor, Goshen, New York. Innocent Owners have a right to appear and present evidence of their innocence of any crime as a defense to seizure and forfeiture of the vehicle.**

If you have questions about the forfeiture action involving the motor vehicle, you may contact the Director of Asset Forfeiture, Orange County District Attorney's Office, at the address and phone number above. If you need legal advice, you may consult an attorney. **Please be aware that the District Attorney's Office cannot give you legal advice about any matter, and cannot discuss with you any criminal matter in which you are a defendant. You must fill out the bottom of this page to ensure proper notification regarding your vehicle.**

X _____
Defendant's acknowledgement of receipt

P.O. E. Harget #7233
Name of Arresting Officer (Please Print)

*Operator Information: To be completed by vehicle owner/operator:*

Name: Ward, Jmin A.
       Last Name,  First Name,  Middle Initial

Date of Birth: 4/26/81
               xx/xx/xxxx

Address: 41 Woodlake Drive
Apt: _____
City: Middletown     State: NY     Zip Code: 10940

Home Phone: (___) _____    Cell Phone: (845) _____    Work Phone: (___) _____

## RELEASE OF VEHICLE SEIZED

46. Middletown Police Department and Orange County Sheriff's Office Special Operations Group (SOG), exceeded their jurisdiction and authority seizing unauthorized property not specified in the warrant application or warrant itself. Middletown Police Department covered up the seizure of property with a falsifying 13-a forfeiture "instrumentality of a crime" proceeding. Further exceeding jurisdiction and authority by seizing property pertaining to a 13-a proceeding and not going through the proper requisites

in order to obtain property pertaining to proceedings. Nor was a motion filed with any court for the 13-a proceeding.

47.     This gross abuse of power with the excess of their jurisdiction constitutes an illegal, unreasonable and unconstitutional search and seizure. The unlimited discretion and deviation from authorized search/seizure is one of the principle evils in how the 4th amendment was enacted. Defendant moves to suppress any and all evidence obtained during the illegal and unconstitutional search and seizure execution.

48.     Defendant's wife's vehicle described in warrant to be searched, was seized unlawfully after it was searched and found to be negative for any contrabands. Defendant was provided with a false13-a forfeiture claim. None of the mandated requisites were exhausted under this claim by the authorities. CPLR 1311 (2) includes the right to trial by jury on issue of fact.

49.     CPLR 1311 (1)(b) - Actions related to a pre-conviction forfeiture…shall be necessary in the action for the claiming (DA) authority to prove the pre-conviction forfeiture crime by clear and convincing evidence.

50. CPLR 1311 (3)(a) - In a forfeiture action commenced by a claiming authority against a criminal defendant...must be proven by clear and convincing evidence.

51. CPLR 1311 (4) - The court in which a forfeiture action is pending may dismiss said action in the interest of Justice upon its motion or upon application.

52. CPLR 1311 (4)(a) - At any time during the pendency of a forfeiture action...defendant may apply for order dismissing complaint.

53. CPLR 1311 (4)(c) - An application must be brought exclusively in superior court in which the forfeiture action is pending.

54. CPLR 1311 (5) - An action for forfeiture shall be commenced by service pursuant to 13-a of a summons with notice or summons and verified complaint.

Docket # No 11 Civ. 5248 (C.m)

**Orange County Jail**
110 Wells Farm Road
Goshen NY 10924

Name: J'min Ward
ID #: 2017-01851

Pro Se
SDN

United States District Court
Southern District of New York
T/o Daniel Patrick Moynihan
United States Courthouse
US Courthouse - 500 Pearl Street
New York, NY 10007

55.   CPLR 1311 (10)- The proper venue for trail of an action for forfeiture is (b) the county where a criminal prosecution could be commenced...in case of an action commenced by the office of prosecution, the special narcotics court of New York City under Judiciary Law 177(b).

56.   Per section 13-a pursuant to pre-conviction forfeiture, any seizure of property in question before judgement on 13-a action must be made by a motion. CPLR 1311 (2)(a) subpoena duces tecum (2)(a) subpoena shall be made in judicial district in which the claiming authority may commence an action pursuant to this article. CPLR 1311-a (2)(b) shall be supported by an affidavit. CPLR 1311-a (3) when a subpoena has been issued the claiming (DA) authority shall have the right to possession of the subpoena material.

57.   All Requisite procedures pertaining to CPLR 13-a were not filed and the application for warrant or warrant does not specify in nature to size vehicle. Middletown Police and members of the Orange County Sheriff's Office Special Operations Group (SOG), which consists of peace officers pursuant to 2-10 (25), illegally seized the vehicle in question which violates the defendants Fourth, Fifth and Fourteenth Amendment of U.S.

Document No 17 civ. 5248 (p.w)

Constitutional rights. Officers and peace officers used unlimited discretion violating CPL §690.20 and CPL §2.20 (c).

58.     The Fourth Amendment of the Constitution specifies that no warrants shall issue except those "particularly describing the place to be searched, and the ...items to be seized". To meet the particularity requirement, the warrants directive must be "specific enough to leave no discretion to the executing officer People v. Darling, 95 N.Y. 2d 530, 720 NYS 2d 82, 742 N.E.2d 596. [Citing Anderson v. Maryland, 427 U.S 463, 480, 96 S. Ct. 2737, 49 L.Ed.2d 627; Marron v. United States, 275 U.S. 192, 196, 48 S. Ct 74, 72 L. Ed. 231] People v. Brown, 725 NYS 2d 601 (Ct App. 2001).

59.     Actions of the Middletown Police Officers and the Orange County Sheriff's Office (SOG) constitutes an "unreasonable search and seizure", prohibited under the U.S Constitution Fourth Amendment. The seizure of an individual's property without obtaining a warrant is per se unreasonable, subject to several narrow, well- defined exceptions. People v. Diaz, 81 N.Y. 2d 106, 110, 595 N.Y.S. 2d 940, 612 N.G.2d 298. Thompson v. Louisiana, 469 U.S. 17, 19-20, 105 S. Ct. 409, 83 L. Ed. 2d 246. "Plain View" doctrine.

60.     Plain view doesn't apply here because warrant specified vehicle to be searched which rendered negative results for contrabands found. Therefore, officers did not inadvertently come across it. Seizure of the vehicle constitutes "unreasonable seizure". The Fourth Amendment to the Federal Constitution as made applicable to the states Fourteenth Amendment and article 1, §12 of our New York Constitution, speaks with one voice in requiring that warrants "particularly describe...the items...to be seized". People v. Mothersell, 900 NYS 2d 715, (Ct. App 2010).

61.     A search warrant exists and is required not simply to permit but to circumscribe police intrusions People v. Mothersell, 900 NYS 2d 715, (Ct. App 2010) Marron v. United States, 275 U.S 192:196, 48 S. Ct. 74, 72 L. Ed. 231 "Nothing is left to the discretion of the officers executing the warrant".

62.     Specificity is required to avoid one of the principle evils at which the Fourteenth Amendment was directed for, unlimited discretion to searching officers. The directions contained in the warrant as to the place, person and items must be clear. Middletown Police and Orange County Sheriff's Office Special Operations Group (SOG) which consisted of peace officers pursuant

63.     Middletown Police and members of the SOG did not comply with the terms of the authorized warrant that Hon. Judge Brockett issued and addressed directly to the police officers and peace officers of the SOG members in violation of CPL §690.05, CPL §690.25, CPL §690.35, U.S. Const, Amend 4, U.S. Const, Amend 5, U.S. Const, Amend 14 and New York State Const, Art. 1 §12, CPL §690.20 (2) and CPL §2.20 (c). The substantial deviation from these respectful statutes constitutes an illegal search and seizure. All evidence obtained during an unconstitutional and illegal search and seizure is not admissible in state courts. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 - a search and seizure prosecuted in violation of the constitution is not made lawful by what it brings to light and that doctrine has never been recognized by this court nor can it be tolerated under our constitutional system. Byar v. United States.

64.     CPL §690.20 (2) mandates searching officers to execute warrant according to authorized terms and directions in the warrant. Unlawful and executed the search and seizure warrant at their own discretion in violation of CPL §690.20 (2) violating the terms of the authorized warrant.

to CPL §2.10 (25) (correctional officers) and in violation of CPL §2.20 (c)


unreasonable seizure of property cannot be overcome by the simple stratagem of using a 13-a forfeiture announcement.

65. There was not a 13-a proceeding. Further, there was no CPLR 1311-a (2) subpoena duces which is required for any seizure of property before a judgment and during the proceedings of a 13-a forfeiture.

66. Middletown Police Department and SOG exceeded their jurisdiction and authority when seizing property (vehicle) not included in application for warrant or warrant itself and using a 13-a forfeiture form to conclude why property was seized. While 13-a forfeiture proceedings only authorize seizure of property during a 13-a proceeding by way of granting motion, CPLR 1311-9 (2) subpoena duces by court in which proceeding is taking place. This gross abuse of power is one of the principle evils why the Fourth Amendment was enacted- to protect citizens from illegal, unreasonable and unconstitutional searches and seizures. Any and all evidence obtained during an unconstitutional and illegal search and seizure is not admissible in state courts. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

Docket # No. 17 Civ. 5248 (cm)