Jmin Ward            9-1-2017

V

Middletown Police Department, et al.

RECEIVED DOCKET UNIT 2017 SEP 11 AM 9:43

Docket # 17-CV-5248 (CM)

Enclosed is the Orange County District Attorney conceding to my claim of the Orange County Special Operations group consisting of Correctional officers who was illegally issued, addressed and authorized a hyper intrusive, no knock, anytime Warrant. CPL 690.05, CPL 690.25 authorizes Warrants be issued, addressed, and authorized to police officers only. Correctional officers broke down my door and entered my family's house at 5AM with foul language and guns pointed illegally. Middletown Police Officer Eric J Herget #1237 illegally obtained warrant on behalf of the correctional officers as the District Attorney concedes. Excess of Jurisdiction on behalf of the issuing Judge, Middletown Police, and Orange County Special Operations Group. (CPL 2.10 (25) defines correctional officers as "Peace Officers", CPL 2.20 does not authorize obtainment of a warrant) Violated my family's (5) (14) (4) Amendments and corresponding New York Const. Art 1 §12. Your attention to this matter is highly appreciated. "Excess of Jurisdiction" — Court of Appeals. B.T. Prod. V Barr 376 N.E. 2d 171, 44 NY2d 22 405 NYS2d 9

Respectfully

J. W.

← Turn over

Excess of Jurisdiction is not determined by who played the most part of the execution nor are ministerial errors a factor in determining whether excess of Jurisdiction occured. Excess of Jurisdiction involves the illegal practice of a body or officer who exceeds their authorized powers in a proceeding which they have Jurisdiction and in doing so violates a citizen's constitutional rights.

"To eliminate or minimize the concept of an excess of power, on presumed verbalistic grounds, would undermine a common-law principle of ancient standing and the continuos statutory statement of that principle"
LA Rocca v. Lane 376 NYS2d 99
B.T. Prod v Barr 405 NYS2d 9 (Court of Appeals)

God Bless You :)

If the D.A didn't
know until now
and the police officer
failed to investigate
whether the S.O.G where
legally authorized to
obtain warrant, the th
integrity of the
grand jury was impaired

COUNTY COURT : COUNTY OF ORANGE
STATE OF NEW YORK
-----------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

        - against -                                AFFIRMATION IN RESPONSE

JMIN WARD,                                      IND. #2017-325

                Defendant.
-----------------------------------------------------------X

    MATTHEW E. HEALY, an attorney duly admitted to practice law in the Courts of the State of New York, submits this affirmation under the penalties of perjury pursuant to CPLR Section 2106:

    1.    I am a duly appointed Senior Assistant District Attorney of and for Orange County, New York, and I submit this Affirmation in response to the defendant's Pre-Trial Omnibus Motion in the above-captioned matter which was returnable on June 26, 2017 as filed by Joseph Brown, Esq., however, new defense counsel Edward Bruno has filed supplemental motions.

    2.    The defendant was indicted in a Finding filed by the Orange County Grand Jury on May 22, 2017, Indictment #2017-325, and charged with the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, in violation of the provisions of Section 220.21, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, in violation of the provisions of Section 220.16, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF MARIHUANA IN THE SECOND DEGREE, in violation of the provisions of Section 221.25 of the Penal Law of the State of New York and CRIMINALLY USING DRUG PARAPHERNALIA IN THE SECOND DEGREE (2 counts), in violation of the provisions of Section 220.50, Subdivisions 2 and 3, of the Penal Law of the State of New York.  A copy of the Indictment is provided herewith to the Court.  The defendant was arraigned before the Honorable Craig Stephen Brown, County Court Judge, on May 23, 2017, and entered a plea of not guilty through his attorney Joseph Brown, Esq.  Bail was set on these charges, and the

in camera review. After a review of the four corners of the documents, the People are confident that the Court will find that the warrant properly issued upon probable cause.

8. The People hereby deny the defense counsel's allegations regarding the search warrant and its application, and submit that defense counsel's motion for suppression and for a hearing on such matter should be denied except the People would consent to a hearing on a ministerial error in listing the sog team on the warrant.

9. The People respectfully disagree with defense counsel that the search warrant is defective because the sog team is listed. The warrant was applied for and the affiant is a narcotics officer, P.O. Eric Harget from the City of Middletown Police Department who investigated this case. The People submit that P.O. Eric Harget made a ministerial mistake in that he believed the Orange County Sheriff's Officer sog team was made up of police officers, Deputy Sheriffs from the Orange County Sheriff's Office. Even I was not aware that was the case until I called Lt. Paul Arteta after I received this motion. Also, members is a term of art meaning police officers, for example, a search warrant which states members of the State Police means police officers because the New York State Police have many civilians also working for them. Members being an art term meaning only police officers.

10. The Orange County Sheriff's Office Sog Unit is made up of both police officers and corrections officers. Their role in the warrant was a security role. The actual search was conducted by the City of Middletown narcotics Unit and all evidence was found by them and taken into their custody. Therefore, it is the People's position the warrant was issued to an investigating police officer and executed by police officers and all the evidence found was kept by police officers being the City of Middletown Police.

11. The People also contend there was no prejudice to the defendant in this case because the City of Middletown police found all of the illegal items and had conducted the investigation. See People v. Barfield, 574 N.Y.S2d 503 (attached).

3

(c) The People further demand reciprocal discovery of any item voluntarily provided herein (People v. Copicotto, 50 N.Y.2d 222).

## STATEMENT OF READINESS

PLEASE TAKE NOTICE THAT THE PEOPLE ARE IN ALL RESPECTS READY FOR TRIAL IN THE ABOVE-CAPTIONED MATTER.

## DEMAND FOR NOTICE OF ALIBI

PLEASE TAKE NOTICE, that the People pursuant to CPL §250.20 demand the defense serve, within eight (8) days of service hereof, upon the undersigned a Notice of Alibi reciting:

(a) The place or places where the defendant claims to have been at the time of the commission of the crime charged, and

(b) The names, the residential addresses, the places of employment with the addresses thereof of every alibi witness upon whom he intends to rely.

PLEASE TAKE NOTICE, that the Notice of Alibi must be served upon the undersigned if the defendant intends to offer such testimony.

PLEASE TAKE FURTHER NOTICE, that if said notice is not served as prescribed the defendant will be precluded from offering such testimony.

WHEREFORE, it is respectfully requested that the instant motion be decided in accordance with the arguments articulated above, together with such other and further relief that this Court deems just and proper.

Dated: Goshen, New York
August 4, 2017

_____
MATTHEW E. HEALY
Senior Assistant District Attorney

Orange County Jail
110 Wells Farm Road
Goshen NY 10924

Name: Jimin Ward
ID #: 2017-0180

WESTCHESTER NY 105
02 SEP 2017 PM 4

RECEIVED
SDNY DOCKET UNIT
2017 SEP 11 AM 9:42

RECEIVED
SEP 08 2017

C.C. Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

USM P3
SDNY