UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY DOCKET UNIT
2017 NOV -2  PM 3: 31

J'min Atiba Ward
_____
Write the full name of each plaintiff.

No. 17 - CV - 5248
(To be filled out by Clerk's Office)
(NSR)

-against-

**COMPLAINT**
(Prisoner)

City of Middletown et rel, Judge Steven
Brockett, Middletown Police Chief (John Doe)
County of Orange et rel, Orange County Sheriff
(John Doe) Orange County Correctional Administrator

Do you want a jury trial?
☐ Yes   ☑ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

SDNY
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-17

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

J'min / A / Ward
First Name / Middle Initial / Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

2017-01851

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Orange County Jail, Goshen, NY 10924
Current Place of Detention

110 Wells Farm Rd
Institutional Address

Orange County, City of Goshen, NY 10924
County, City / State / Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: Steven Brockett
First Name / Last Name / Shield #

City of Middletown Judge
Current Job Title (or other identifying information)

2 James St.
Current Work Address

Orange County, Middletown, NY  10940
County, City / State / Zip Code

Defendant 2: John Doe
First Name / Last Name / Shield #

Middletown, NY Police Chief
Current Job Title (or other identifying information)

2 James St.
Current Work Address

Orange County   NY   10940
County, City / State / Zip Code

Defendant 3: Kenneth Decker
First Name / Last Name / Shield #

Orange County Jail Administrator of Corrections
Current Job Title (or other identifying information)

110 Wells Farm Rd.
Current Work Address

Orange County   NY   10924
County, City / State / Zip Code

Defendant 4: Carl Dubois
First Name / Last Name / Shield #

Orange County Sheriff
Current Job Title (or other identifying information)

110 Wells Farm Rd
Current Work Address

Orange County   NY   10924
County, City / State / Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: City of Middletown Court, 41 Wooblake Ave Middletown, NY 10940

Date(s) of occurrence: April 18, 2017, April 20, 2017

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

On April 18, City of Middletown Judge Steven Brockett, and Middletown Police Chief (John Doe) allowed Middletown Police officer Eric J Harget to illegally obtain a Hyper intrusive "No-Knock" "Anytime" warrant on behalf of correctional officers, under the supervision of the issuing Judge, Steven Brockett and Chief of Middletown Police Chief, in violation of U.S. Const. Amends. (5)(4),(14) and New York constitution Art 1 § 12 of Plaintiff's rights. On April 20, Orange county corrections Administrator (Kenneth Decker) allowed his correctional officers of the Orange county Jail to execute the Hyper-intrusive, "No-Knock" "Anytime" with the Orange county Sheriff's office special operations group. On April 20, the Orange county sheriff allowed his undersheriff to execute the illegal warrant with the correctional officers of the Orange county Jail under the name Orange county sheriff's office special operations Group (S.O.G), Group consist of undersheriff and correctional officers of Orange county Jail. At approximately 5:00 AM April 20, 2017 Middletown Police and members of the (S.O.G) executed the illegal warrant on the premises of 41 Woodlake Ave, Middletown, NY 10940 Plaintiff and family were sleeping and the mentioned officers broke down the downstairs and entered

Page 4

illegally entered Plaintiff's house in the middle of the night with no probable cause, no exigent circumstances, and no valid search warrant. Plaintiff's wife and three minor kids ages (2)(7)(10) were woke out of their sleep and terrified by the noise and movement of the officers first illegally searching downstairs. Then said officers started upstairs in camoflage fatigues guns drawn with flashlights in the dark and used vulgar language scaring Plaintiff's family, rounding Plaintiff's family up with guns drawn room by room to be escorted by guns downstairs and detained while the officers conducted a search of Plaintiff's whole house. These violations of Plaintiff's Due process, Prohibition of Illegal Searches, and equal protection of the laws were due to the negligence of the supervisors of mentioned officers and the supervisor of the procedure to obtain the illegal warrant in violation of CPL 640.05, CPL 640.25, CPL 690.45(6), CPL 690.45(7), CPL 690.50, CPL 2.10(25), CPL 2.20(c), CPL 2.20, CPL 690.40 and Plaintiff's Rights

**INJURIES:**
If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Loss of employment - Con-Edison Gas utility worker, Bronx off Bruner ave. scheduled for April 22, have E-mail, Loss of Time, Loss of dignity, was embarassed from defamation of Character, Incident was in the paper with picture, Kids school teachers, Daycare teachers, Karate teachers, the workers at the YMCA my family are members at and frequent, everybody seen it, and loss of respect for the agencies for scaring my family and continuing to use profane language towards us throughout the illegal execution.

**VI. RELIEF**
State briefly what money damages or other relief you want the court to order.

Relief granting this supervisor liability claim and notifying each supervisor mentioned in claim that said practice is illegal and that each citizen has constitutional rights that must be upheld during the course of due process. An apology letter to my family so my kids are no longer scared of police officers and they feel safe from police officers. A monetary settlement of $10,000,000 to put this past life and situation behind.

Page 5.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

10-27-17
Dated

Plaintiff's Signature

J'min / A / Ward
First Name / Middle Initial / Last Name

110 Wells Farm Rd
Prison Address

Orange County, Middletown, NY 10940
County, City / State / Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 10-27-17

Subscribed and sworn to before me this 27 day of Oct 17

Notary Public

VINCENT J. CZUBAK
Notary Public, State of New York
No. 01CZ6102072
Qualified in Sullivan County
Commission Expires November 24, 2019

Page 6




# ORANGE COUNTY SHERIFF'S OFFICE
# GENERAL POLICY

# WARRANTS

| Date Issued: | Date Reviewed: | Approved By: | Pages: |
|---|---|---|---|
| 05.23.11 | 08.31.15 | K. Decker | 4 |

I. **POLICY:** It is the policy of the Orange County Correctional Facility to adhere to the laws of New York State concerning Warrants of arrest, and other applicable law.

II. **DEFINITION:**

A warrant is a legal document authorizing the arrest and detention of an individual. The sole purpose of a warrant is to procure ones presence before a court of law. Specific procedures must be followed on how and when a warrant may be served and executed. Officers should familiarize themselves with Criminal Procedure Law 120, 210, 410, 530.70, Family Law Article 1, Part 5, #155, Executive Law 12b and Federal Regulation (8CFR287.7).

III. **PROCEDURE:**

1. Local Bench Warrant: A bench warrant will be issued by a local Criminal Court when an individual has already been arraigned. The sole purpose of the warrant is to achieve the court appearance of a defendant in a pending criminal action other than the initial arraignment. Local bench warrants may be issued as a detainer, but the Orange County Sheriff's Office cannot hold an individual exclusively on the warrant. Defendants must be brought before the court of issuance and issued a remand form prior to admittance into the Facility.

2. Local Warrant of Arrest: Local Warrants of arrest are issued by a Local Criminal Court directing a police officer to arrest an individual and bring him before the court for arraignment on a criminal action. Local Arrest Warrants may be issued as a detainer, but the Orange County Sheriff's Office cannot hold an individual exclusively on the warrant. Defendants must be brought before the court of issuance or any other magistrate and issued a remand form prior to admittance into the Facility.

3. Superior Court Warrant: A Superior Court Warrant is a warrant that is issued and signed by a County Court or Supreme Court Judge. A defendant that is arrested on a Superior court warrant must be brought before the issuing court as long as that court is in session. If the Superior Court is not in session, the defendant must be brought to the Facility until such court opens. Only warrants from Orange






COPY

*Executed on 4/20/2017 #1237*

# SEARCH WARRANT

CITY OF MIDDLETOWN)
COUNTY OF ORANGE)     SS     CITY OF MIDDLETOWN CITY COURT
STATE OF NEW YORK)                 [Pursuant to Section 690 of the C.P.L.]
HONORABLE JUDGE BROCKETT, ISSUING JUDGE

*ANY MEMBER Consist of correctional officers, in violation of CPL 690.25[1] Correctional officers cannot be issued a warrant directly to them. Judge exceed his jurisdictional authority*

*Habeas corpus*

*TO ANY POLICE OFFICER OF THE CITY OF MIDDLETOWN POLICE DEPARTMENT, ANY POLICE OFFICER, ANY MEMBER OF THE ORANGE COUNTY SHERIFF'S OFFICE SPECIAL OPERATIONS GROUP, AND THE NEW YORK STATE POLICE:*
YOU ARE HEREBY AUTHORIZED AND DIRECTED TO SEARCH FOR AND SEIZE THE FOLLOWING PROPERTY:
Controlled Substances in violation of sections 220.00 of the New York State Penal Law and any evidence that tends to demonstrate that a drug related offense was committed or that a particular person participated in the commission of such offense, to include written records, books and computer records tending to show sale and trafficking of controlled substances and money showing profits from the sale of controlled substances, safe deposit box records and keys, records, ledgers, notes or other writings reflecting deposit, withdrawal, investment, custody or location of money, real property, personal property or other financial transactions, records, ledgers notes or other writing reflecting ownership of said property, records reflecting the names, addresses and telephone numbers of persons from whom controlled substances are purchased and sold, including but not limited to, address and telephone books, including those contained in cellular telephones or Personal Data Assistants and telephone bills; all records ledgers, notes or other writings reflecting income earned and reported to the Internal Revenue Service or other taxing agencies; Authorize the analysis and seizure of any safes, lock boxes, briefcases or any like containers used for storage, pagers, scanners, video surveillance equipment and cellular phones and other mobile communication devices; indicia of occupancy, residency and/or ownership of the described premises, including but not limited to, utility and telephone bills, canceled envelopes, keys, deeds and mortgages; photographs and video tapes that depict individuals involved in controlled substance violations and/or photographs to assist in helping identify drug traffickers and their associates including undeveloped rolls of film and disposable cameras; also any firearms, illegal weapons and ammunition found therein, pursuant to Section 690.10.(2)(3)(4) of the New York State Criminal Procedure Law.
YOU ARE THEREFORE COMMANDED AT ANYTIME OF THE DAY OR NIGHT, TO SEARCH THE FOLLOWING PREMISE, PERSON(S) AND VEHICLES:
*PREMISES:* 41 WOODLAKE DRIVE, CITY OF MIDDLETOWN, COUNTY OF ORANGE, STATE OF NEW YORK, Which is located on Woodlake Drive between Brickpond Road and Phillips Street in the Spring Hollow condominium complex in the City of Middletown. The structure is a single-family residence with two main floors and an attic area. The structure is yellow in color with a gray roof. The front door of the premises is white in color. There is a "41" affixed to the house, to the left of the front entrance door. The search warrant is to include the entire dwelling and its curtilage, including any storage areas, sheds, and/or garages associated with the target premises. See attached photograph of the exterior of the target premises in exhibit "A."
**THE PERSON(s) DESCRIBED AS:** *Target #1-* A black male who was identified as Jmin A. Ward having a date of birth of April 26, 1981. Target #1 is further identified as a male approximately 5'09" who weighs approximately 240 pounds. Target #1 has a Social Security number of 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, a NYSID number of 08928006H as well as a NY DLIC #506206993.
**VEHICLE:** A White 2011 Ford Explorer bearing NYS Registration GJW1257, Vehicle Identification Number: 1FMHK8F83BGA74804.
THIS COURT HEREBY DETERMINES THAT ADEQUATE GROUNDS EXIST FOR AUTHORIZING THE EXECUTING OFFICERS TO ENTER INTO SAID PREMISES AT ANYTIME OF THE DAY OR NIGHT. SAID PREMISES TO BE SEARCHED WITHOUT GIVING NOTICE OF HIS AUTHORITY AND PURPOSE AND, IF YOU FIND ANY SUCH PROPERTY OR ANY PART THEREOF, A SEARCH WARRANT RETURN IS TO BE MADE TO ME, LISTING AND IDENTIFYING THE PROPERTY SEIZED, WHICH I FURTHER DIRECT BE SAFEGUARDED BY YOUR DEPARTMENT. ANY AND ALL SUBJECTS LOCATED INSIDE THE TARGET RESIDENCE CAN BE DETAINED AND HELD UNTIL COMPLETION OF THE EXECUTION OF THIS SEARCH WARRANT.

Dated in the City of Middletown, New York
This 18th day of April, 2017 at 9:05am

_____ City Court Judge

COUNTY COURT : COUNTY OF ORANGE
STATE OF NEW YORK
-----------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

       - against -                            AFFIRMATION IN RESPONSE

JMIN WARD,                                 IND. #2017-325

                      Defendant.
-----------------------------------------------------------X

        MATTHEW E. HEALY, an attorney duly admitted to practice law in the Courts of the State of New York, submits this affirmation under the penalties of perjury pursuant to CPLR Section 2106:

        1.     I am a duly appointed Senior Assistant District Attorney of and for Orange County, New York, and I submit this Affirmation in response to the defendant's Pre-Trial Omnibus Motion in the above-captioned matter which was returnable on June 26, 2017 as filed by Joseph Brown, Esq., however, new defense counsel Edward Bruno has filed supplemental motions.

        2.     The defendant was indicted in a Finding filed by the Orange County Grand Jury on May 22, 2017, Indictment #2017-325, and charged with the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, in violation of the provisions of Section 220.21, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, in violation of the provisions of Section 220.16, Subdivision 1, of the Penal Law of the State of New York; CRIMINAL POSSESSION OF MARIHUANA IN THE SECOND DEGREE, in violation of the provisions of Section 221.25 of the Penal Law of the State of New York and CRIMINALLY USING DRUG PARAPHERNALIA IN THE SECOND DEGREE (2 counts), in violation of the provisions of Section 220.50, Subdivisions 2 and 3, of the Penal Law of the State of New York. A copy of the Indictment is provided herewith to the Court. The defendant was arraigned before the Honorable Craig Stephen Brown, County Court Judge, on May 23, 2017, and entered a plea of not guilty through his attorney Joseph Brown, Esq. Bail was set on these charges, and the

in camera review. After a review of the four corners of the documents, the People are confident that the Court will find that the warrant properly issued upon probable cause.

8. The People hereby deny the defense counsel's allegations regarding the search warrant and its application, and submit that defense counsel's motion for suppression and for a hearing on such matter should be denied except the People would consent to a hearing on a ministerial error in listing the sog team on the warrant.

9. The People respectfully disagree with defense counsel that the search warrant is defective because the sog team is listed. The warrant was applied for and the affiant is a narcotics officer, P.O. Eric Harget from the City of Middletown Police Department who investigated this case. The People submit that P.O. Eric Harget made a ministerial mistake in that he believed the Orange County Sheriff's Officer sog team was made up of police officers, Deputy Sheriffs from the Orange County Sheriff's Office. Even I was not aware that was the case until I called Lt. Paul Arteta after I received this motion. Also, members is a term of art meaning police officers, for example, a search warrant which states members of the State Police means police officers because the New York State Police have many civilians also working for them. Members being an art term meaning only police officers.

10. The Orange County Sheriff's Office Sog Unit is made up of both police officers and corrections officers. Their role in the warrant was a security role. The actual search was conducted by the City of Middletown narcotics Unit and all evidence was found by them and taken into their custody. Therefore, it is the People's position the warrant was issued to an investigating police officer and executed by police officers and all the evidence found was kept by police officers being the City of Middletown Police.

11. The People also contend there was no prejudice to the defendant in this case because the City of Middletown police found all of the illegal items and had conducted the investigation. See People v. Barfield, 574 N.Y.S2d 503 (attached).

3

(c) The People further demand reciprocal discovery of any item voluntarily provided herein (People v. Copicotto, 50 N.Y.2d 222).

## STATEMENT OF READINESS

PLEASE TAKE NOTICE THAT THE PEOPLE ARE IN ALL RESPECTS READY FOR TRIAL IN THE ABOVE-CAPTIONED MATTER.

## DEMAND FOR NOTICE OF ALIBI

PLEASE TAKE NOTICE, that the People pursuant to CPL §250.20 demand the defense serve, within eight (8) days of service hereof, upon the undersigned a Notice of Alibi reciting:

(a) The place or places where the defendant claims to have been at the time of the commission of the crime charged, and

(b) The names, the residential addresses, the places of employment with the addresses thereof of every alibi witness upon whom he intends to rely.

PLEASE TAKE NOTICE, that the Notice of Alibi must be served upon the undersigned if the defendant intends to offer such testimony.

PLEASE TAKE FURTHER NOTICE, that if said notice is not served as prescribed the defendant will be precluded from offering such testimony.

WHEREFORE, it is respectfully requested that the instant motion be decided in accordance with the arguments articulated above, together with such other and further relief that this Court deems just and proper.

Dated: Goshen, New York
August 4, 2017

_____
MATTHEW E. HEALY
Senior Assistant District Attorney

*Pro Se* Office
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

Ruby J. Krajick
CLERK OF COURT

## INSTRUCTIONS FOR FILING A PRISONER'S CIVIL RIGHTS COMPLAINT

Attached are a complaint form and an application to waive the filing fee for a civil rights action under 42 U.S.C. § 1983. The instructions for completing them are as follows:

1. **Caption:** The caption is located in the top left corner on the first page of the complaint. You, as the person filing the complaint, are the Plaintiff. The people you allege have violated your rights and are responsible for your injuries should be named as the Defendants. You should state the first and last name of each defendant and badge number, if appropriate. If you do not know the name of a defendant, you should name him or her as "John Doe" or "Jane Doe" and include some descriptive information about that defendant. For example, "John Doe Correctional Officer who worked the 8am-4pm shift on C-Block at Sing Sing Correctional Facility on January 1, 2006."

2. **Jury Trial:** You are entitled to a trial by jury, but you may lose your right to a jury trial if you do not ask for it early enough. You should indicate on the first page of the complaint whether you want a jury trial by checking either "yes" or "no" in the top right corner of the first page of the complaint. You can also demand a jury trial within 14 days of service of the answer. If you fail to request, but later decide you want, a jury trial, you may request one by filing a formal motion and explaining why you did not ask for one earlier. The judge does not have to grant this motion.

3. **Contents:** The form should be completed in full. It can be typed or handwritten, and it must be legible. If you need more space to answer a question, use separate sheets of 8½ x 11-inch paper and attach them to your complaint. You must provide the facts of your case, but need not include legal arguments or references to cases. One complaint must contain an original signature (in ink or pencil) from each plaintiff. Photocopies of your signature cannot be accepted. The complaint need not be notarized.

4. **Copies:** You must send the *Pro Se* Office the original complaint plus two identical copies. You should keep another copy for your records. Copies may be handwritten or typewritten but all copies (including any attached exhibits) must be identical to the original.

5. **Fee:** The filing fee is $350.00, payable to the "Clerk of Court, USDC, SDNY," by certified check, bank check, money order, major credit card, or cash (if your complaint is submitted in person). Personal checks are <u>not</u> accepted.

6. <u>Inability to pay the filing fee</u>: If you are unable to afford the filing fee, you may apply to the Court to waive the fee by completing the enclosed Request to Proceed *In Forma Pauperis* and including it with your original complaint. The caption of this application must be identical to the caption on the complaint. If you currently are confined in a jail, prison, or other correctional facility, you must also complete a Prisoner Authorization Form and attach it to the Request to Proceed *In Forma Pauperis*. Even if the Court grants your application to waive the filing fee, your inmate account may be debited in accordance with the Prison Litigation Reform Act of 1995, codified at 28 U.S.C. § 1915(b). If there is more than one plaintiff, each plaintiff must provide a separate Request to Proceed *In Forma Pauperis* and Prisoner Authorization Form.

7. <u>Filing</u>: When you have completed the forms, mail the original and two copies of the complaint along with the full filing fee or the Request to Proceed *In Forma Pauperis* and Prisoner Authorization Form, to the *Pro Se* Office at the address above.

8. <u>Serving the complaint</u>: Do not serve the complaint on defendants until a docket number is assigned to your case and a summons is issued. The *Pro Se* Office will send you further instructions and necessary documents when service is required.

9. <u>Language</u>: All papers must be submitted in English. All Court proceedings will be held in English. If you have difficulty understanding or writing in English, you should ask a relative or friend to help you prepare your papers, and you should bring someone to act as your interpreter whenever you come to Court.

10. <u>Questions</u>: If you have any questions, please contact the *Pro Se* Office, (212) 805-0175, during business hours, 8:30am – 5:00pm, Monday – Friday (except federal holidays). Please note that the *Pro Se* Office cannot accept collect calls.

*** These instructions need not be submitted with your complaint ***

Rev. 05/2010



Jim A Nave
2017-0867
brinx Custodial
10 mils from jail
Goshen N 10924

USPS TRACKING NUMBER

9500 1151 7872 7304 0735 52

Post Office
United States
District Court
Southern District of
New York
300 Quarropas St
White Plains New York 10601



U.S. POSTAGE
PAID
HIGHLAND MILLS
10930
OCT 31, 17
AMOUNT
$3.64
R2305K137593-01

1029
10007