J'min A Ward - 2017-01857 (Pro-Se)
Orange county Jail
110 wells farm Rd
Goshen, NY 10924

November 18, 2017

Hon. Nelson S. Roman
United States District Judge
Charles L. Brieant United States Courthouse
300 Quarrapas Street
White Plains, New York 10601

Re: Ward v City of Middletown, et al. 17 civ 5248 (N

Dear Judge Roman:

    Enclosed is a letter I recieved from the defendant's of the city of Middletown's lawyer. According to your rules of the court pursuant to "Motions" and the proper format, I am confused as to whether the lawyer is making a motion or just sending a letter. I am Pro-Se and am not familiar with the procedure other than what was in the packet for the proper way to send motions to be filed in the court.
    Furthermore, the last complaint submitted to this court by me was not meant to be an amended

RECEIVED NOV 27 2017 U.S.D.C. WP

complaint, but a seperate complaint involving a "Supervisory Liability claim." The law library at my facility did not have the normal 1983 packet, so the seperate complaint was filled out on the Amended Complaint for with the absence of whiting out the word "Amended". My intentions were to file a seperate complaint. One complaint for "Unlawful and Unreasonable Search and Seizure" and second for, "Supervisory Liability." I apologize for any misunderstanding. Please attribute the misunderstanding to the fact that I'm Pro-Se.

    Finally, again I'm not sure if the lawyer's letter is a letter or a motion. If a motion please let me know and give me a chance to respond. Your attention to this matter is highly appreciated.

                                      Respectfully Yours

                                      J'min Ward

CC: Kellie E. Lagitch, Esq
Pro-se office
Alex Smith Esq

ALEX SMITH, ESQ.
Assistant Corporation Counsel of the City of Middletown
16 James Street
Middletown, New York 10940
(845) 346-4140
(845) 346-4146 (fax)
asmith22@hvc.rr.com

November 13, 2017

Hon. Nelson S. Roman
United States District Judge
Charles L. Brieant United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:  *Ward v City of Middletown, et al*, 17 Civ. 5248 (NSR)

Dear Judge Roman:

Please accept this letter as my request, on behalf of all City of Middletown Defendants, to file a Motion to Dismiss pursuant to FRCP Rule 12 or, alternatively, an extension of time to serve an answer.

Preliminarily, I note that the City was served with Plaintiff's initial Complaint and I acknowledged service on behalf of the City. The City's deadline to file an Answer is November 17, 2017. However, Plaintiff has since filed two Amended Complaints, neither of which have been served upon the City – I recently learned of their existence and have viewed them on the ECF Docket. Given this situation, I believe the City should be relieved of the November 17th deadline.[1]

Plaintiff's three Complaints center upon his arguments that a Middletown City Court search warrant was issued illegally. Based upon evidence obtained during the execution of this warrant, Plaintiff has been indicted by an Orange County Grand Jury. The criminal case is pending before Hon. Craig Brown, Orange County Court Judge. I am advised that the warrant has been challenged in the criminal proceeding and that a suppression hearing

---

[1]  I am aware that this Court's Individual Rules provide that a pre-motion letter stays a deadline to serve an answer, however, I am not sure if this rule applies to complaints which have not been served.

1

is scheduled for November 14, 2017.

I believe this situation is controlled by two decisions issued by Hon. Vincent Bricetti, U.S. District Court Judge.

> By challenging the validity of the search warrant issued in a criminal proceeding which is ongoing, plaintiff is asking this Court to intervene to suspend the criminal proceeding. In such circumstances, the Court must abstain from ruling on the propriety of the issuance of the warrant.

*Brims v Ramapo Police Department*, 2011 WL 7101233, at 6 (SDNY 2011), citing *Younger v Harris*, 401 U.S. 37 (1971); *Hansel v Town Court*, 56 F.3d 391, 393 (2nd Cir. 1995).

Judge Bricetti reasoned that the pending criminal case was ongoing, implicated an important state interest, and that the plaintiff had the ability to assert his claim in the state court, as well as an eventual appeal. *Brims*, 2011 WL 7101233, at 6, citing *Kugler v Helfant*, 421 U.S. 117 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *Schlagler v Phillips*, 166 F.3d 439 (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights).

Judge Bricetti concluded that "plaintiff's claims related to the issuance of a warrant are dismissed with prejudice as to this case. Plaintiff could re-raise these claims, if properly preserved, in a petition for habeas corpus at the appropriate time. *Brims*, 2011 WL 7101233, at 6.

In a subsequent decision, Judge Bricetti observed that in the Second Circuit, "application of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983." *Adams v Orange County*, 2014 WL 6646042, at 3 (SDNY 2014) quoting *Rivers v McLeod*, 252 F.3d 99, 101–102 (2nd Cir. 2001)  Judge Bricetti reasoned that because *Younter* abstention "only applies to claims for injunctive relief, this Court has jurisdiction over plaintiff's claims for monetary damages under Section 1983." *Adams*, 2014 WL 6646042, at 3.  But Judge Bricetti then determined:

> However, to the extent plaintiff challenges the sufficiency of the search warrants issued in his underlying criminal proceeding, or the validity of any other evidence used therein, the Court must abstain from exercising jurisdiction because all three prongs of the *Younger* test are met.

2

*Adams*, 2014 WL 6646042, at 3. Judge Bricetti then found that the state prosecution was pending when the plaintiff filed the federal action, that criminal law implicates and important state interest, and that plaintiff has the ability to assert his claims at the trial and appellate levels. *Adams*, 2014 WL 6646042, at 3.

Judge Bricetti concluded that "Plaintiff's claims related to the search warrants and other evidence used in his state criminal case are thus dismissed." *Adams*, 2014 WL 6646042, at 4.

All of the *Younger* factors identified by Judge Bricetti are present in the case at bar.

Thank you for your consideration.

Respectfully yours,

Alex Smith

AS:lcv
cc:
    Kelly Lagitch, Esq.
    J'min Atiba Ward

3

