# Orange County
## COUNTY ATTORNEY

Langdon C. Chapman
**Orange County Attorney**



**STEVEN M. NEUHAUS**
**County Executive**

**Sharon Worthy-Spiegl**
*Deputy County Attorney*

**Municipal Law Unit**
15 Matthews Street, Ste. 305
Goshen, N.Y. 10924
TEL: (845) 291-3150
*FAX: (845) 291-3167

**Family Law Unit**
Tiffany N. Gagliano
*Chief Assistant County Attorney-Family Law & Juvenile Justice*

15 Matthews Street, Ste. 302
Goshen, N.Y. 10924
TEL: (845) 291-2650
*FAX: (845) 291-3014
Mailing Address: Box Z, Quarry Rd
Goshen, N.Y. 10924

November 16, 2017

Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re:   Ward (v) City of Middletown, et al.
       Case No.: 17-CV-5248 (NSR)

Dear Judge Román:

*[Handwritten order:]* County Defendant's request is denied without prejudice to renew and the County's time to respond to the Second Amended Complaint is extended until 60 days after all newly identified County defendants have been named, served and requested representation. Clerk of the Court requested to terminate the motion (doc. 31). SO ORDERED. Dated: Sept. 28, 2018

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

This office represents defendant County of Orange in the above referenced matter. Pursuant to the Court's Individual Rules of Practice, we write to request a pre-motion conference for purposes of obtaining the Court's permission to file a motion to dismiss on behalf of the County pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

Preliminarily, we write to join in the arguments advanced by counsel for the City of Middletown in the City's pre-motion letter filed on November 13, 2017. Specifically, the County contends that dismissal is appropriate pursuant to the *Younger* doctrine as the issues raised by plaintiff in this matter, concerning the propriety of the search warrant authorizing the search of his residence and the admissibility of the evidence obtained as a result of that search, are issues that have already been raised in plaintiff's criminal proceeding currently pending before the Hon. Craig Brown in Orange County Court. In fact, I personally attended the suppression hearing conducted before Judge Brown on November 14, 2017 addressing the very same evidentiary issues raised by plaintiff herein.

Pursuant to *Younger*, abstention is appropriate when "(1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995). All of these criteria are indisputably satisfied in the present matter. *See Adams v. Orange County of New York*, No. 13 CV 8549 (VB), 2014 WL 6646042 (S.D.N.Y. Nov. 12, 2014) (dismissing plaintiff's claims to the extent plaintiff challenged the sufficiency of the search warrants issued in his underlying criminal proceeding); *Brims v. Ramapo Police Dept.*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2018

*Service of Process by FAX is not accepted

Copies mailed/faxed 9/28/2018
Chambers of Nelson S. Román, U.S.D.J.

No. 11 CV 712 (VB), 2011 WL 7101233 (S.D.N.Y. Dec. 23, 2011) (dismissing with prejudice plaintiff's claims related to the issuance of a search warrant and declining to rule on the propriety of the warrant because such a ruling would effectively suspend an ongoing criminal matter). Moreover, to the extent that plaintiff is seeking monetary damages for alleged violations of his constitutional rights, a stay of the federal damages claim is appropriate until such time as the underlying criminal proceeding is resolved. *See Gubitosi v. Kapica*, 895 F.Supp. 58, 60 (S.D.N.Y. 1995).

Separately, dismissal is appropriate against the County for failure to state a cause of action as plaintiff has not and cannot state a *Monell* claim against the County. Indeed, the complaint fails to sufficiently identify *any* municipal custom or policy of the County that would allow for the imposition of Sec. 1983 liability as against it. It is unquestionable that plaintiff's reference to a single isolated incident – that involving plaintiff himself – is insufficient to state a *Monell* claim. *See Newton v. City of New York*, 566 F.Supp.2d 256, 270 (S.D.N.Y. 2008).

We note that the County's answer to the original complaint is currently due on November 27, 2017. However, plaintiff recently filed a Second Amended Complaint on November 2, 2017. Moreover, we anticipate that plaintiff will seek to file a Third Amended Complaint naming the individual defendants that both the County and the City of Middletown were directed to identify pursuant to your Honor's Order of Service dated August 31, 2017. Likewise, at the conclusion of plaintiff's suppression hearing, Judge Brown indicated that he would issue a decision on the suppression motion on December 4, 2017 following written submissions by the parties. Moreover, Judge Brown indicated that jury selection in plaintiff's criminal matter would commence on December 8, 2017 in the event that the suppression motion is denied.

Given the current status of plaintiff's criminal matter, coupled with our expectation that plaintiff will be filing another amended complaint, we respectfully request that the County's time to move be extended until such time as answers or motions are due on behalf of all of the individual defendants identified by the County in order to avoid the filing of multiple motions.

Thank you for your consideration of this matter.

Respectfully yours,

KELLIE E. LAGITCH
Assistant County Attorney

KEL/ag
Enc.
cc:   Alex Smith, Esq. (by ECF) (w/o enc.)
      J'min Ward (with Westlaw cases)